

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO SIMON-JUAN,<br><br>                              Petitioner,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1015-RSH-JLB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF Nos. 2, 3] |

On February 11, 2026, petitioner Pedro Simon-Juan, an immigration detainee proceeding pro se, filed a petition for writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner has also moved for a temporary restraining order and for appointment of counsel. ECF Nos. 2, 3. Respondents have filed a return. ECF No. 8.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner, a citizen of Guatemala, states in the Petition that he "has a final order of removal since 9-14-23 by [an] Immigration Judge"; that he "has remained in ICE custody since 7-9-2025"; and that "ICE has not been able to secure travel documents or deport Petitioner to Guatemala due to the lack of diplomatic cooperation or practical ability to carry out removals to Guatemala for Petitioner." ECF No. 1 at 1. Petitioner argues, "[u]nder *Zadvydas v. Davis*, 533 U.S. 678 (2001), post-final order detention beyond six months is presumptively unreasonable if there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 2. Petitioner claims that this is the case here, and that his continued detention violates due process. *Id.* He requests his immediate release. *Id.*

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, the record reflects that Petitioner's removal order of September 14, 2023 was not final as of that date, because Petitioner appealed that removal to the Board of Immigration Appeals. *See* ECF No. 8-1, Ex. 3 (briefing schedule dated Mar. 31, 2025 for appeal of Petitioner's order of removal); 8 C.F.R. § 1241.1(d) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [i]f certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal."). His appeal remained pending at the time of his arrest on July 9, 2025. ECF No. 8-1, Ex. 1 at 3 (Form I-213, Record of Deportable/Inadmissible Alien: "SIMON will be remanded to Otay Mesa Detention Facility pending his BIA appeal"). Petitioner does not mention his BIA appeal or provide

any information regarding its timing or status. Petitioner has therefore not established that he is entitled to relief under *Zadvydas*, under which the six-month presumptively reasonable period of detention begins when his order of removal becomes final.

Accordingly, the Petition is **DENIED** without prejudice. The motion for a temporary restraining order [ECF No. 3] is **DENIED**. The Court likewise **DENIES** Petitioner's motion for appointment of counsel [ECF No. 2]. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (stating that the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances"). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: March 12, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-1015-RSH-JLB